

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3521 | **DATE** | 8/29/2003 |
| **CASE TITLE** | Stacy Wade vs. American Airlines, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendants' motion for summary judgment is granted as to counts III and VIII, and denied as to counts II and VII. Status hearing set for September 24, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | 03 AUG 29 PM 4:06 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 2 2003

STACY WADE, )
)
      Plaintiff, )
)
vs. ) No. 01 C 3521
)
AMERICAN AIRLINES, INC., DAN )
McNAMARA and GALE PAULSON, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Stacy Wade brought this action against defendants American Airlines, Inc. (American), Dan McNamara and Gail Paulson (now Gail St. Onge), alleging violations of her civil rights as well as various state law tort claims. Defendants filed a motion for partial summary judgment as to the state law claims: Counts II, III, VII and VIII. For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Stacy Wade was a passenger on American Airlines Flight 1199 on May 14, 2000; defendant Gail Paulson, an American employee, was a flight attendant aboard the plane, and defendant Dan McNamara was a customer service representative for American. Plaintiff alleges that Paulson took an instant dislike to her when she boarded the plane. She claims that because she is black Paulson did not believe she was a first class passenger; that Paulson unfairly accused her of breaking an overhead bin on the plane, and that Paulson told the captain that Wade was causing a disturbance. She further alleges that a member of the flight crew called the police, causing her to be arrested. Plaintiff claims that she was wrongly charged with disorderly conduct after Paulson swore out a verified complaint against her.



Although the charges were dropped on September 18, 2001, because American declined to send a representative to court, Wade claims that the incident resulted in her losing her job with ShowCase Corporation (ShowCase). She alleges that McNamara, or other American employees, sent a series of faxes to Wade's superiors claiming that she had assaulted a police officer.

Defendants tell a very different story. Paulson, and four passengers who were aboard the plane, testified at their depositions that Wade was extremely aggressive towards Paulson, used abusive language, and left the flight crew no choice but to call the police. Paulson also testified that she never actually saw the complaint or signed it and the defendants deny that any American employees caused faxes containing incorrect information to be sent to Wade's employers.

Only plaintiff's state law claims are subjects of this motion. Count II alleges false imprisonment and malicious prosecution; Count III alleges abuse of process; Count VII alleges tortious interference with economic advantage; and Count VIII alleges intentional and negligent infliction of emotional distress.

## DISCUSSION

We begin by noting that our function in ruling on this motion for summary judgment is not to decide whether the plaintiff's or the defendants' version of the events is closer to the truth. Our function is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists, and that the moving party is entitled to judgment as a matter of law will we grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). Self-serving affidavits, without evidentiary support,

are not enough to defeat a motion for summary judgment. Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998).

Plaintiff was, obviously, on-board the aircraft when many of the events allegedly took place and thus has personal knowledge of what happened. Even though her testimony contradicts that of other witnesses, we treat her statements as true for the purposes of this motion. Plaintiff does not, however, have personal knowledge of many of the facts supporting her allegations, nor does she produce evidence other than her testimony to support many of her claims. Her mere speculation is not enough to create a genuine issue of fact. Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 337 (7th Cir. 1991).

Count II - False Imprisonment

To prevail on a claim for false imprisonment plaintiff must show that defendants caused or procured the restraint of her personal liberty without reasonable grounds. Vincent v. Williams, 279 Ill. App. 3d 1, 5-6, 664 N.E.2d 650, 654 (1st Dist. 1996). An arrest by a public officer that is procured by a private person is the same as an arrest by that private person. Karow v. Student Inns, Inc., 43 Ill. App. 3d 878, 881, 357 N.E.2d 682, 686 (4th Dist. 1976). Defendants admit that a member of the flight crew called the police, leading to Wade's arrest. While defendants claim that this action was entirely justified under the circumstances, there is a genuine dispute between the parties as to what happened aboard the aircraft. If plaintiff's story is true, defendants potentially lacked reasonable grounds to remove her from the airplane. We therefore cannot grant defendants' motion as to this claim.

Count II - Malicious Prosecution

In order to prove malicious prosecution the plaintiff must show that the defendants brought a lawsuit maliciously and without probable cause. Spiegel v. Zuric Insurance Co., 293

Ill. App. 3d 129, 132, 687 N.E.2d 1099, 1100 (1st Dist. 1997). The plaintiff must additionally show that the action terminated in her favor and that she suffered some special injury beyond the usual expense of defending a lawsuit. *Id.*

There is an issue of material fact as to whether defendants actually filed the charges against Wade. While Paulson testified that she never actually saw the complaint or signed it, there is a signature that reads,"Gale Paulson," an incorrect spelling of her name. This is consistent with the testimony of Officer Gilbert Arce, who stated that he talked to Paulson and others over the phone, collected information about the events on the plane and signed her name to the complaint with her permission. If true, this supports plaintiff's claim that American employees filed the charges against her. Again, treating Wade's story as true for the purposes of this motion, we must assume that the defendants did so without reason and with malicious intent.

Neither Paulson nor any other American employee appeared in court to follow up on the complaint. In Illinois, a plaintiff does not need to show that a court actually reached a decision in her favor on the merits of the case in order to prove that there was a termination in her favor. Cult Awareness Network v. Church of Scientology International, 685 N.E.2d 1347, 1353, 226 Ill. Dec. 604, 610 (Ill. 1997). Plaintiff must however demonstrate that the disposition of the case, even if not based on the underlying facts, somehow gives rise to an inference of a lack of probable cause. *Id.* We do not have evidence to determine exactly why the defendants chose not to follow up on the suit against plaintiff. An issue of fact therefore exists as to whether the circumstances of the dismissal indicate a lack of probable cause.

Count III - Abuse of Process

Abuse of process requires both that defendants had an ulterior purpose for filing a

lawsuit and that they acted in a way that was not proper in the regular prosecution of the suit. Bonney v. King, 201 Ill. 47, 50-51, 66 N.E. 377, 378 (Ill. 1903). The mere institution of a legal proceeding, even without foundation and merely intended to harass the defendant, does not constitute abuse of process. Wabash Publishing Co. v. Flanagan, 1990 WL 19977, *5 (N.D. Ill. 1990). Such an action lies in the improper use of the legal process *after* it has been issued. Alberto-Culver Co. v. Andrea Dumon, Inc., 295 F. Supp. 1155, 1160 (N.D. Ill. 1969), *rev'd on other grounds*, 466 F.2d 705 (7th Cir. 1972); Doyle v. Shlensky, 120 Ill. App. 3d 807, 815, 458 N.E.2d 1120, 1128 (1st Dist. 1983). Common examples of abuse of process include extorting money or property from the defendant or compelling the defendant to release a valid claim or pay a debt. Alberto-Culver, 295 F. Supp at 1160. Plaintiff makes no such allegations. In fact, she admits that defendants never followed up on the legal claims against her. Because there was no subsequent act related to the lawsuit, there is no claim for abuse of process. *Cf.* Wabash, 1990 WL 19977 at *5 (finding that second element of abuse of process was satisfied where, after the filing of a copyright infringement suit, plaintiff sought and obtained a temporary restraining order with the sole purpose of eliminating defendants as competitors).

Count VII - Tortious Interference with Economic Advantage

A claim for tortious interference with economic advantage requires that plaintiff had a reasonable expectation of entering into a valid business relationship; that the defendants knew of this expectancy and purposefully interfered, preventing it from developing; and that the interference caused damages to the plaintiff. Fellhauer v. City of Geneva, 142 Ill.2d 495, 568 N.E.2d 870, 878 (Ill. 1999). Plaintiff essentially alleges that once they learned that she was employed at ShowCase, defendants disseminated false information about the events on the plane and eventually cost plaintiff her job. If true, this would constitute purposeful

interference into her business relationship with ShowCase. While Wade did not actually lose her job until nine months after the incident on the plane, she does produce evidence that, following faxes from American employees to her employer, she no longer received quality assignments and was passed over for better positions. Again, if she can prove this, plaintiff may be able to prevail on her claim for tortious interference with economic advantage.

### Count VIII - Intentional/Negligent Infliction of Emotional Distress

In order to state a claim for intentional infliction of emotional distress a plaintiff must prove that defendants engaged in outrageous conduct with the knowledge that there was a high probability that the conduct would inflict emotional distress, and that she did in fact experience emotional distress. Gragg v. Calandra, 297 Ill. App. 3d 639, 648, 696 N.E.2d 1282, 1289 (2nd Dist. 1998). Negligent infliction of emotional distress requires that the defendants owed a duty to the plaintiff, and breached that duty, causing the emotional distress. Parks v. Kownacki, 193 Ill. 2d 164, 181, 737 N.E.2d 287, 296-97 (Ill. 2000).

To prove a claim for intentional infliction of emotional distress, the plaintiff must show that the defendants' conduct was objectively unreasonable and that the distress inflicted was such that no reasonable person could have been expected to endure it. Gragg, 297 Ill. App. 3d at 648, 696 N.E.2d at 1289. Taking plaintiff's testimony as true, defendants wrongly accused her of causing a disturbance on a plane, filed a lawsuit against her and told her employer about the events. While this may have injured plaintiff economically, it does not rise to the level necessary to prevail on a claim for intentional infliction of emotional distress. The defendants' behavior was not so objectively unreasonable that severe emotional distress would be a natural result.

Likewise, plaintiff cannot show that any breach of duty owed by the defendants caused

her emotional distress. In analyzing such a claim, Illinois courts require that we follow the "general negligence approach." <u>Hiscott v. Peters</u>, 324 Ill. App. 3d 114, 125-26, 754 N.E.2d 839, 849-50 (2nd Dist. 2001). That is, defendant must prove traditional negligence before showing that defendants' negligence proximately caused plaintiff's emotional distress. *Id.* Again, any such distress must be extremely severe in order to warrant recovery. *Id.* Even taking plaintiff's testimony as true, she does not demonstrate sufficient emotional distress to give rise to damages for negligent infliction of emotional distress. Moreover, even if there was evidence of such distress, there is no evidence that it was the result of defendants' negligent breach of a duty they owed to plaintiff. While American and its employees clearly owe a duty of care to its passengers as a carrier, plaintiff alleges that her injuries were caused by the intentional acts of a few employees, not a breach of this duty of care.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted as to Counts III and VIII, and denied as to Counts II and VII.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug 28, 2003.